**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **Comcast of Massachusetts III, Inc.**  )  | Case No.:  1:04-cv-12006-RGS |
|  ) | |
| Plaintiff,  ) | |
|  ) | **PLAINTIFFS' OPPOSITION AND** |
| vs.  ) | **PARTIAL ASSENT TO DEFENDANTS'** |
|  ) | **"MOTION TO REMOVE DEFAULT"** |
| **Robert Savy & Gayle Savy**  ) | |
|  ) | |
| Defendants  ) | |
|  ) | |
|  ) | |

Now comes the Plaintiff Comcast of Massachusetts, III, Inc. (hereinafter "Comcast" or the "Plaintiff") in the above-entitled action and does hereby:

a. Oppose the "Motion to set aside default" as to the Defendant, Robert Savy; and

b. Assent to setting aside the Default as to the Defendant Gayle Savy.  This assent is made with the full reservation of rights. Should the Defendant, Gayle Savy**,** not properly make and file a responsive pleading within twenty days of the court's order to open the Default (should the court be so inclined) in accordance with Federal Rules of Civil Procedure and in accordance with the pertinent Massachusetts District Local Rules, then the Plaintiff may again move for default against the Defendant, **Gayle Savy**.

In support of its position Plaintiff contends that the defendant's motion is not in conformity with L.R. 7.1; specifically there is:

1. No affidavit relating to facts that are not of record;

2. No memorandum of law in support of the motion; and

3. No certification regarding prior notice of this motion to the Plaintiff's Counsel.

There's no required certification because there was indeed no contact by the Defendants with Plaintiff's counsel regarding this motion prior to the motion being brought.

Page 1

More importantly, the Motion as to the Defendant, Robert Savy, is totally without merit. As to this Defendant the Plaintiff contends that:

1. Originally, the Plaintiff understood that these two Defendants lived together as a married couple at 7 Mountain Terrace, Peabody, MA 01960-6528.
2. In September of 2004 the Plaintiff brought a Complaint against the two Defendants for their joint and several liabilities for the unauthorized interception of cable television signals.
3. Service was originally made on both Defendants at the Mountain Terrace address.
4. Thereafter, Plaintiff's Counsel was contacted by the Defendant, Gayle Savy. She wrote a letter to Plaintiff's Counsel saying she did not owe Comcast money and informed Plaintiff's Counsel that Robert was now living at 12 Lynch Street, Peabody Massachusetts.
5. The Plaintiff then went back to Court and upon motion was granted an extension of time to make a separate and distinct service on Robert at his new address.
6. This service was made upon the Defendant Robert Savy at his new home in January of 2005.
7. To date, neither Defendant has filed any responsive pleading.
8. Robert's Motion blatantly ignores this separate and distinct service.

Accordingly, there are indeed no grounds to grant the Motion to open his default as to this Defendant.

                                        Respectfully Submitted for the Plaintiff,
                                        Comcast of Massachusetts III, Inc.
                                        By Its Attorney,

| | |
|---|---|
| <u>1/20/06</u><br>Date | <u>/s/ John M. McLaughlin</u><br>John M. McLaughlin<br>**Green, Miles, Lipton & Fitz-Gibbon LLP**<br>77 Pleasant Street<br> P.O. Box 210<br>Northampton, MA 01061<br>Telephone:  (413) 586-0865<br>BBO No. 556328 |

## CERTIFICATE OF SERVICE

I, John M. McLaughlin, attorney for the Plaintiff, hereby certify that on the 20th day of January, 2006, a copy of the foregoing Opposition and affidavit was mailed first class to:

Robert Savy
12 Lynch Street
Peabody, MA 01960

Gayle Savy
7 Mountain Ter
Peabody, MA 01960-6528

                                                  /s/ John M. McLaughlin
                                                  John M. McLaughlin, Esq.